# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF NEW MEXICO

MARGARET WEIDOW GENTRY,
BOBBIE GENTRY, LESLIE WEIDOW,
EDWARD WEIDOW, ASHLEY WEIDOW,
DAVIS WEIDOW AND TAYLOR WEIDOW

    Plaintiffs,

v.                                       Case No.: 1:18-cv-01207-KRS-CG

GLENN GARNAND,

    Defendant.

## PLAINTIFFS' FIRST AMENDED COMPLAINT

COME NOW Plaintiffs Margaret Weidow Gentry, Bobbie Gentry, Leslie Weidow, Edward Weidow, Ashley Weidow, Davis Weidow and Taylor Weidow (collectively "Plaintiffs") and file this their Plaintiffs' First Amended Complaint, complaining of Defendant Glenn Garnand. Plaintiffs would respectfully show as follows:

### I. JURISDICTION AND VENUE

1. Margaret and Bobby Gentry are individuals residing in Kaufman County, Texas.

2. Edward and Leslie Weidow are individuals residing in Florida.

3. Ashley Weidow, Davis and Taylor Weidow are individuals residing in Florida.

4. Defendant Glenn Garnand is an individual residing in Lincoln County, New Mexico.

5. This Court has jurisdiction under 28 U.S.C. 1332, as there is diversity of citizenship between and among the parties. Further, the amount in controversy exceeds $100,000.00.

6. Venue is appropriate and proper in the District of New Mexico under 28. U.S.C. §

1334(4) because the events made the basis of this suit occurred in Lincoln County, New Mexico.

## II. FACTS

7. Defendant Glenn Garnand is in the business of renting property in Alto, New Mexico.

8. Through an online booking service, Glenn Garnand rented out residential property which he owned and operated to various customers, including Margaret Weidow Gentry and Bobby Gentry.

9. In accordance with the Garnand rental agreement, on December 19, 2017, Edward Weidow, Leslie Weidow, and their children Ashley Weidow, Davis Weidow and Taylor Weidow joined Margaret Weidow Gentry and Bobby Gentry at the property in Alto, New Mexico.

10. On December 22, 2017, at the Garnand rental property, Bobbie Gentry felt light-headed and short of breath. He discovered that his wife, Margaret Weidow Gentry, was unresponsive and barely breathing. He called for help, and was joined by Leslie Weidow and Edward Weidow.

11. Bobby Gentry left the room and began to gather information and personal articles in preparation for transporting Margaret Weidow Gentry to the hospital.

12. When he returned to the room, Bobby Gentry discovered Leslie Weidow was beginning to collapse and he saw her have a convulsion.

13. Ultimately, Margaret Weidow Gentry, Bobby Gentry, Leslie Weidow, Edward Weidow, Davis Weidow, Ashley Weidow and Taylor Weidow were transported to the hospital, and found to be suffering from carbon monoxide poisoning.

## III. CAUSES OF ACTION: NEGLIGENCE

14. The preceding and succeeding paragraphs are incorporated herein by referenced.

15. At all times relevant to these causes of action, the Defendant Garnand owed an obligation to act as a reasonable and prudent person would have acted under the same or similar circumstances.

16. On the occasion in question, the Gentry and Weidow families were invitees in the rental property owned by Defendant Garnand, or in the alternative, were licensees in the rental property.

17. At all times relevant to these causes of action, the Defendant Garnand breached his obligation to act as a reasonable and prudent person would have acted under the same or similar circumstances and was negligent by, among other acts and omissions:

   a. failing to properly and timely maintain the equipment installed in the rental home;

   b. failing to properly and timely maintain the hot water heater and its piping;

   c. renting out a property with inadequate and improper piping and ventilation of gas appliances, such as a hot water heater;

   d. failing to see that the rental property had working carbon monoxide detectors;

   e. failing to see that the rental property had working safety alarms;

   f. failing to see that the rental property and its appliances were constructed/installed according to appropriate codes and ordinances.

18. The above acts and omissions were, singularly and severally, a proximate cause of

the incident in question and Plaintiffs' injuries and damages.

## IV. DAMAGES – MARGARET WEIDOW GENTRY

19. As a result of her exposure to carbon monoxide, Margaret Weidow Gentry was hospitalized and sustained bodily injuries as a result of the incident made the basis of this suit.

20. As a result of the events made the basis of this suit, Margaret Weidow Gentry incurred reasonable and necessary medical bills in the past and, in reasonable probability, will incur and reasonable medical bills in the future.

21. As a result of the events made the basis of this suit, Margaret Weidow Gentry suffered physical pain in the past and, in reasonable probability, will suffer physical pain in the future.

22. As a result of the events made the basis of this suit, Margaret Weidow Gentry suffered medical anguish in the past and, in reasonable probability, will suffer medical anguish in the future.

## V. DAMAGES – BOBBY GENTRY

23. As a result of his exposure to carbon monoxide, Bobby Gentry was hospitalized and sustained bodily injuries as a result of the incident made the basis of this suit.

24. As a result of the events made the basis of this suit, Bobby Gentry incurred reasonable and necessary medical bills in the past and, in reasonable probability, will incur and reasonable medical bills in the future.

25. As a result of the events made the basis of this suit, Bobby Gentry suffered physical pain in the past and, in reasonable probability, will suffer physical pain in the future.

26. As a result of the events made the basis of this suit, Bobby Gentry suffered medical

anguish in the past and, in reasonable probability, will suffer medical anguish in the future.

## VI. DAMAGES – LESLIE WEIDOW

27. As a result of her exposure to carbon monoxide, Leslie Weidow was hospitalized and sustained bodily injuries as a result of the incident made the basis of this suit.

28. As a result of the events made the basis of this suit, Leslie Weidow incurred reasonable and necessary medical bills in the past and, in reasonable probability, will incur and reasonable medical bills in the future.

29. As a result of the events made the basis of this suit, Leslie Weidow suffered physical pain in the past and, in reasonable probability, will suffer physical pain in the future.

30. As a result of the events made the basis of this suit, Leslie Weidow suffered medical anguish in the past and, in reasonable probability, will suffer medical anguish in the future.

## VII. DAMAGES – EDWARD WEIDOW

31. As a result of his exposure to carbon monoxide, Edward Weidow was hospitalized and sustained bodily injuries as a result of the incident made the basis of this suit.

32. As a result of the events made the basis of this suit, Edward Weidow incurred reasonable and necessary medical bills in the past and, in reasonable probability, will incur and reasonable medical bills in the future.

33. As a result of the events made the basis of this suit, Edward Weidow suffered physical pain in the past and, in reasonable probability, will suffer physical pain in the future.

34. As a result of the events made the basis of this suit, Edward Weidow suffered medical anguish in the past and, in reasonable probability, will suffer medical anguish in the future.

## VIII.  DAMAGES – ASHLEY WEIDOW

35. As a result of her exposure to carbon monoxide, Ashley Weidow was hospitalized and sustained bodily injuries as a result of the incident made the basis of this suit.

36. As a result of the events made the basis of this suit, Ashley Weidow incurred reasonable and necessary medical bills in the past and, in reasonable probability, will incur and reasonable medical bills in the future.

37. As a result of the events made the basis of this suit, Ashley Weidow suffered physical pain in the past and, in reasonable probability, will suffer physical pain in the future.

38. As a result of the events made the basis of this suit, Ashley Weidow suffered medical anguish in the past and, in reasonable probability, will suffer medical anguish in the future.

## IX.  DAMAGES – DAVIS WEIDOW

39. As a result of his exposure to carbon monoxide, Davis Weidow was hospitalized and sustained bodily injuries as a result of the incident made the basis of this suit.

40. As a result of the events made the basis of this suit, Davis Weidow incurred reasonable and necessary medical bills in the past and, in reasonable probability, will incur and reasonable medical bills in the future.

41. As a result of the events made the basis of this suit, Davis Weidow suffered physical pain in the past and, in reasonable probability, will suffer physical pain in the future.

42. As a result of the events made the basis of this suit, Davis Weidow suffered medical anguish in the past and, in reasonable probability, will suffer medical anguish in the future.

## X.  DAMAGES – TAYLOR WEIDOW

43. As a result of her exposure to carbon monoxide, Taylor Weidow was hospitalized

and sustained bodily injuries as a result of the incident made the basis of this suit.

44. As a result of the events made the basis of this suit, Taylor Weidow incurred reasonable and necessary medical bills in the past and, in reasonable probability, will incur and reasonable medical bills in the future.

45. As a result of the events made the basis of this suit, Taylor Weidow suffered physical pain in the past and, in reasonable probability, will suffer physical pain in the future.

46. As a result of the events made the basis of this suit, Taylor Weidow suffered medical anguish in the past and, in reasonable probability, will suffer medical anguish in the future.

## XI. DEMAND FOR JURY TRIAL

47. Plaintiffs incorporate all previous paragraphs as if set forth at length.

48. Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs request a jury demand for all issues in this matter.

## XII. PRE-JUDGMENT AND POST-JUDGMENT INTEREST

50. Plaintiffs request pre-judgment and post-judgment interest at the highest rate allowed by law and from the earliest date allowed by law.

## XIII. PRAYER

51. WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendant be cited to appear and answer herein and upon final hearing of this cause, Plaintiffs have judgment against the Defendant for damages described herein, for cost of suit, interest from the date of the incident and for such other relief to which Plaintiffs may be justly entitled.

Respectfully Submitted,

**MARTINEZ, HART, THOMPSON & SANCHEZ, P.C.**

*Electronically filed*
*/s/ F. Michael Hart*
F. Michael Hart
Kelly Stout Sanchez
1801 Rio Grande Blvd. NW
Albuquerque, NM 87104
(505) 343-1776
(505) 344-7709 facsimile
kellys@osolawfirm.com
mikeh@osolawfirm.com
***Attorneys for Plaintiff***