# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF NEW MEXICO

MARGARET WEIDOW GENTRY,
BOBBIE GENTRY, LESLIE WEIDOW,
EDWARD WEIDOW, ASHLEY WEIDOW,
DAVIS WEIDOW AND TAYLOR WEIDOW

    Plaintiffs,　　　　　　　　　　　Case No.: 2:18-cv-01207-KRS-CG

v.

GLEN GARNAND,

    Defendant.

-----------------------------------------------------

GLEN GARNAND,
    Third-Party Plaintiff

v.

LARRY BLANK AND BEVERLY
BLANK,
    Third-Party Defendant.

## DEFENDANT'S THIRD PARTY COMPLAINT

    COMES NOW, Defendant (Third Party Plaintiff) GLEN GARNAND and files this his Third Party Complaint, complaining of LARRY BLANK and BEVERLY BLANK and seeking indemnification, or in the alternative, contribution on a proportionate basis with regard to certain claims brought against him by Plaintiffs.

1. This action was commenced by Plaintiffs Margaret Weidow Gentry, et. al., against Garnand alleging negligence. Plaintiffs' claims are more specifically set forth in the

original complaint, which are incorporated as if fully set forth herein. A copy of said Complaint is attached hereto as Exhibit "A."

2. Plaintiffs have asserted in their Complaint that this Court has jurisdiction based upon diversity of citizenship and due to the amount in controversy, and this Court has supplemental jurisdiction over the claims in this Third Party Complaint.

3. Third Party Defendants Larry Blank and Beverly Blank are individuals residing in Lincoln County, New Mexico.

4. This Third Party Complaint asserts that Third Party Defendants Larry Blank and Beverly Blank are Liable to Garnand for Indemnity, or in the alternative, Contribution, in connection with the claims being pursued by Plaintiffs in the original Complaint.

5. Should Garnand be found liable to Plaintiffs for said claims, Third Party Defendants are liable over to Garnand for the breach of their contractual obligations.

6. This Third Party Complaint is being filed within fourteen (14) days of Defendant Glen Garnand's original answer.

## I.   CAUSES OF ACTION
### COUNT 1: BREACH OF CONTRACT

7. Garnand incorporates by reference the above paragraphs as if fully set forth herein.

8. On or about April 8, 2016, Glen Garnand entered into a Real Estate Contract with Larry Blank and Christina Blank for the sale of real property located in Lincoln County, New Mexico described as Lot 2C, of Pine Point Estates, Lincoln County, New Mexico, as shown by the Replat filed in the office of the county clerk and Ex-officio Recorder of Lincoln County, New Mexico, on September 13, 1988, in Cabinet E, Slide No. 122.

9. Pursuant to the real estate contract, the deed to the property is being held in escrow and ownership of the property has not yet transferred to Garnand.

10. The terms of the real estate contract obligate the purchaser to maintain insurance on the property.

11. The agreement and course of conduct of the parties to the real estate contract was such that Mr. Garnand paid (to Total Escrow Service, Inc.) the premium for the insurance policy maintained by Larry and Beverly Blank.

12. Upon information and belief, Larry and/or Beverly Blank failed to notify the insurance carrier of this agreement and also failed to add Glen Garnand to the policy as agreed.

13. Garnand relied on this agreement to his detriment.

14. In the event Garnand may be determined to be liable to the Plaintiffs in the original Complaint, he may incur damages as a direct result of the Blanks' failure to perform their agreement.

## COUNT II. INDEMNIFICATION, OR IN THE ALTERNATIVE, CONTRIBUTION

15. Garnand incorporates by reference the above paragraphs as if fully set forth herein.

16. Garnand has performed all of his obligations under the agreement between the parties.

17. Blanks have failed to perform their obligations under the terms of the agreement.

18. Pursuant to the agreement between the parties to this third party complaint, the Blanks are the record owners of the subject matter premises.

19. Said agreement renders Blanks primarily liable for any liability incurred as a result of the allegations in Plaintiffs' Complaint.

20. As a direct, foreseeable, proximate cause of Blanks' breach, Garnand has suffered and may continue to suffer damages.

### COUNT III: UNJUST ENRICHMENT

21. Garnand incorporates by reference the above paragraphs as if fully set forth herein.

22. Garnand has made payments, through the escrow company, for Blanks' property insurance with the understanding that he would be added to the property insurance policy.

23. Blanks have knowingly and unjustly received a benefit from Garnand's insurance premium payments at Garnand's expense.

24. Allowing Blanks to retain the benefit of Garnand's payments would be unjust.

**WHEREFORE,** Third Party Plaintiff seeks judgment in his favor and against Third Party Defendants in an amount in excess of fifty thousand dollars ($50,000.00) for compensatory and consequential damages, together with costs, and for such other relief and the Court may deem just and proper.

Dated: March 14, 2019                        Respectfully submitted:

/s/ Lauren E. A. Truitt_____
Lauren E. A. Truitt
State Bar No. 149187
LAUREN E. A. TRUITT, P.C
P.O. Box 402
Ruidoso, NM 88345
Ph: (575) 378-3788
Fx: (575) 214-3107

ATTORNEY FOR DEFENDANT

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

MARGARET WEIDOW GENTRY,
BOBBIE GENTRY, LESLIE WEIDOW,
EDWARD WEIDOW, ASHLEY WEIDOW,
DAVIS WEIDOW AND TAYLOR WEIDOW

      Plaintiffs,

v.                                    Case No.: 1:18-cv-01207-KRS-CG

GLENN GARNAND,

      Defendant.

### PLAINTIFFS' FIRST AMENDED COMPLAINT

COME NOW Plaintiffs Margaret Weidow Gentry, Bobbie Gentry, Leslie Weidow, Edward Weidow, Ashley Weidow, Davis Weidow and Taylor Weidow (collectively "Plaintiffs") and file this their Plaintiffs' First Amended Complaint, complaining of Defendant Glenn Garnand. Plaintiffs would respectfully show as follows:

### I. JURISDICTION AND VENUE

1. Margaret and Bobby Gentry are individuals residing in Kaufman County, Texas.

2. Edward and Leslie Weidow are individuals residing in Florida.

3. Ashley Weidow, Davis and Taylor Weidow are individuals residing in Florida.

4. Defendant Glenn Garnand is an individual residing in Lincoln County, New Mexico.

5. This Court has jurisdiction under 28 U.S.C. 1332, as there is diversity of citizenship between and among the parties. Further, the amount in controversy exceeds $100,000.00.

6. Venue is appropriate and proper in the District of New Mexico under 28. U.S.C. §

1334(4) because the events made the basis of this suit occurred in Lincoln County, New Mexico.

## II.  FACTS

7. Defendant Glenn Garnand is in the business of renting property in Alto, New Mexico.

8. Through an online booking service, Glenn Garnand rented out residential property which he owned and operated to various customers, including Margaret Weidow Gentry and Bobby Gentry.

9. In accordance with the Garnand rental agreement, on December 19, 2017, Edward Weidow, Leslie Weidow, and their children Ashley Weidow, Davis Weidow and Taylor Weidow joined Margaret Weidow Gentry and Bobby Gentry at the property in Alto, New Mexico.

10. On December 22, 2017, at the Garnand rental property, Bobbie Gentry felt light-headed and short of breath.  He discovered that his wife, Margaret Weidow Gentry, was unresponsive and barely breathing.  He called for help, and was joined by Leslie Weidow and Edward Weidow.

11. Bobby Gentry left the room and began to gather information and personal articles in preparation for transporting Margaret Weidow Gentry to the hospital.

12. When he returned to the room, Bobby Gentry discovered Leslie Weidow was beginning to collapse and he saw her have a convulsion.

13. Ultimately, Margaret Weidow Gentry, Bobby Gentry, Leslie Weidow, Edward Weidow, Davis Weidow, Ashley Weidow and Taylor Weidow were transported to the hospital, and found to be suffering from carbon monoxide poisoning.

### III. CAUSES OF ACTION: NEGLIGENCE

14. The preceding and succeeding paragraphs are incorporated herein by referenced.

15. At all times relevant to these causes of action, the Defendant Garnand owed an obligation to act as a reasonable and prudent person would have acted under the same or similar circumstances.

16. On the occasion in question, the Gentry and Weidow families were invitees in the rental property owned by Defendant Garnand, or in the alternative, were licensees in the rental property.

17. At all times relevant to these causes of action, the Defendant Garnand breached his obligation to act as a reasonable and prudent person would have acted under the same or similar circumstances and was negligent by, among other acts and omissions:

    a. failing to properly and timely maintain the equipment installed in the rental home;

    b. failing to properly and timely maintain the hot water heater and its piping;

    c. renting out a property with inadequate and improper piping and ventilation of gas appliances, such as a hot water heater;

    d. failing to see that the rental property had working carbon monoxide detectors;

    e. failing to see that the rental property had working safety alarms;

    f. failing to see that the rental property and its appliances were constructed/installed according to appropriate codes and ordinances.

18. The above acts and omissions were, singularly and severally, a proximate cause of

the incident in question and Plaintiffs' injuries and damages.

### IV.  DAMAGES – MARGARET WEIDOW GENTRY

19. As a result of her exposure to carbon monoxide, Margaret Weidow Gentry was hospitalized and sustained bodily injuries as a result of the incident made the basis of this suit.

20. As a result of the events made the basis of this suit, Margaret Weidow Gentry incurred reasonable and necessary medical bills in the past and, in reasonable probability, will incur and reasonable medical bills in the future.

21. As a result of the events made the basis of this suit, Margaret Weidow Gentry suffered physical pain in the past and, in reasonable probability, will suffer physical pain in the future.

22. As a result of the events made the basis of this suit, Margaret Weidow Gentry suffered medical anguish in the past and, in reasonable probability, will suffer medical anguish in the future.

### V.  DAMAGES – BOBBY GENTRY

23. As a result of his exposure to carbon monoxide, Bobby Gentry was hospitalized and sustained bodily injuries as a result of the incident made the basis of this suit.

24. As a result of the events made the basis of this suit, Bobby Gentry incurred reasonable and necessary medical bills in the past and, in reasonable probability, will incur and reasonable medical bills in the future.

25. As a result of the events made the basis of this suit, Bobby Gentry suffered physical pain in the past and, in reasonable probability, will suffer physical pain in the future.

26. As a result of the events made the basis of this suit, Bobby Gentry suffered medical

anguish in the past and, in reasonable probability, will suffer medical anguish in the future.

## VI. DAMAGES – LESLIE WEIDOW

27. As a result of her exposure to carbon monoxide, Leslie Weidow was hospitalized and sustained bodily injuries as a result of the incident made the basis of this suit.

28. As a result of the events made the basis of this suit, Leslie Weidow incurred reasonable and necessary medical bills in the past and, in reasonable probability, will incur and reasonable medical bills in the future.

29. As a result of the events made the basis of this suit, Leslie Weidow suffered physical pain in the past and, in reasonable probability, will suffer physical pain in the future.

30. As a result of the events made the basis of this suit, Leslie Weidow suffered medical anguish in the past and, in reasonable probability, will suffer medical anguish in the future.

## VII. DAMAGES – EDWARD WEIDOW

31. As a result of his exposure to carbon monoxide, Edward Weidow was hospitalized and sustained bodily injuries as a result of the incident made the basis of this suit.

32. As a result of the events made the basis of this suit, Edward Weidow incurred reasonable and necessary medical bills in the past and, in reasonable probability, will incur and reasonable medical bills in the future.

33. As a result of the events made the basis of this suit, Edward Weidow suffered physical pain in the past and, in reasonable probability, will suffer physical pain in the future.

34. As a result of the events made the basis of this suit, Edward Weidow suffered medical anguish in the past and, in reasonable probability, will suffer medical anguish in the future.

### VIII.  DAMAGES – ASHLEY WEIDOW

35. As a result of her exposure to carbon monoxide, Ashley Weidow was hospitalized and sustained bodily injuries as a result of the incident made the basis of this suit.

36. As a result of the events made the basis of this suit, Ashley Weidow incurred reasonable and necessary medical bills in the past and, in reasonable probability, will incur and reasonable medical bills in the future.

37. As a result of the events made the basis of this suit, Ashley Weidow suffered physical pain in the past and, in reasonable probability, will suffer physical pain in the future.

38. As a result of the events made the basis of this suit, Ashley Weidow suffered medical anguish in the past and, in reasonable probability, will suffer medical anguish in the future.

### IX.  DAMAGES – DAVIS WEIDOW

39. As a result of his exposure to carbon monoxide, Davis Weidow was hospitalized and sustained bodily injuries as a result of the incident made the basis of this suit.

40. As a result of the events made the basis of this suit, Davis Weidow incurred reasonable and necessary medical bills in the past and, in reasonable probability, will incur and reasonable medical bills in the future.

41. As a result of the events made the basis of this suit, Davis Weidow suffered physical pain in the past and, in reasonable probability, will suffer physical pain in the future.

42. As a result of the events made the basis of this suit, Davis Weidow suffered medical anguish in the past and, in reasonable probability, will suffer medical anguish in the future.

### X.  DAMAGES – TAYLOR WEIDOW

43. As a result of her exposure to carbon monoxide, Taylor Weidow was hospitalized

6

and sustained bodily injuries as a result of the incident made the basis of this suit.

44. As a result of the events made the basis of this suit, Taylor Weidow incurred reasonable and necessary medical bills in the past and, in reasonable probability, will incur and reasonable medical bills in the future.

45. As a result of the events made the basis of this suit, Taylor Weidow suffered physical pain in the past and, in reasonable probability, will suffer physical pain in the future.

46. As a result of the events made the basis of this suit, Taylor Weidow suffered medical anguish in the past and, in reasonable probability, will suffer medical anguish in the future.

## XI. DEMAND FOR JURY TRIAL

47. Plaintiffs incorporate all previous paragraphs as if set forth at length.

48. Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs request a jury demand for all issues in this matter.

## XII. PRE-JUDGMENT AND POST-JUDGMENT INTEREST

50. Plaintiffs request pre-judgment and post-judgment interest at the highest rate allowed by law and from the earliest date allowed by law.

## XIII. PRAYER

51. WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendant be cited to appear and answer herein and upon final hearing of this cause, Plaintiffs have judgment against the Defendant for damages described herein, for cost of suit, interest from the date of the incident and for such other relief to which Plaintiffs may be justly entitled.

Respectfully Submitted,

**MARTINEZ, HART, THOMPSON & SANCHEZ, P.C.**

*Electronically filed*
*/s/ F. Michael Hart*
F. Michael Hart
Kelly Stout Sanchez
1801 Rio Grande Blvd. NW
Albuquerque, NM 87104
(505) 343-1776
(505) 344-7709 facsimile
kellys@osolawfirm.com
mikeh@osolawfirm.com
***Attorneys for Plaintiff***

8