**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

MARGARET WEIDOW GENTRY, et al.,
        Plaintiffs,

v.                                      CV No. 18-1207 KG/CG

GLENN GARNAND, LARRY BLANK, et al.,
        Defendants,

_____

GLENN GARNAND,
        Third-Party Plaintiff,

v.

LARRY BLANK and BEVERLY BLANK,
        Third-Party Defendants,

_____

STATE FARM AND CASUALTY CO.,
        Plaintiff-Intervenor

v.

LARRY BLANK, GLEN GARNAND,
MARGARET WEIDOW GENTRY, et al.,
        Intervenor-Defendants

_____

LARRY BLANK and BEVERLY BLANK,
        Counterclaimants on Complaint in Intervention

v.

STATE FARM FIRE AND CASUALTY COMPANY
        Defendant on Counterclaim

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

        **THIS MATTER** is before the Court on Plaintiffs' *Amended Motion for Enlargement of Time for Plaintiffs to File Amendments to Pleadings and Join Additional Parties* (the "Motion to Extend"), (Doc. 72), filed February 28, 2020; Defendants' *Larry and Beverly Blanks' Response to Plaintiffs' Amended Motion for Enlargement of Time to File Amendments to Pleadings and Join Additional Parties* (the "Response to the Motion to Extend"), (Doc. 76), filed March 13, 2020; and *Plaintiffs' Reply to the Blank Defendants' Response [Doc. 76] to Plaintiffs Amended Motion to Enlarge Time for Filing Amended Complaint and Joinder of Parties* (the "Reply to the Motion to Extend"), (Doc. 86), filed

March 27, 2020.

This matter is also before the Court on Plaintiffs' *Motion to Strike Defendants Blank's Third, Fourth, Seventh, Eighth, Eleventh, Twelfth, and Thirteenth Affirmative Defenses for Failure to Comply with Mandatory Disclosures under Rule 26* (the "Motion to Strike"), (Doc. 63), filed February 13, 2020; *Defendants Larry and Beverly Blanks' Response to Plaintiffs' Motion to Strike Affirmative Defenses* (the "Response to the Motion to Strike"), (Doc. 70), filed February 27, 2020; and Plaintiffs' *Reply to Larry & Beverly Blank's Response (Doc. 70) to Plaintiffs' Motion to Strike Affirmative Defenses (Doc. 63)* (the "Reply to the Motion to Strike"), (Doc. 75), filed March 12, 2020.

On February 20, 2020, the Honorable Kenneth J. Gonzales referred this matter to the undersigned to issue findings of fact, conduct legal analysis, and recommend an ultimate disposition. (Doc. 67); (Doc. 85). The Court, having reviewed the parties' filings and the controlling law, **RECOMMENDS** Plaintiffs' Motion to Extend, (Doc. 72), be **GRANTED**, and Plaintiffs' Motion to Strike, (Doc. 63), be **DENIED**.

## I.      Procedural Posture & Relevant Factual History

On January 25, 2019, Plaintiffs Margaret Weidow Gentry, Bobbie Gentry, Leslie Weidow, Edward Weidow, Ashley Weidow, Davis Weidow, and Taylor Weidow filed their *First Amended Complaint* against Defendant Glenn Garnand. (Doc. 3). In their Amended Complaint, Plaintiffs allege they rented property from Mr. Garnand in Alto, New Mexico, that exposed them to carbon monoxide poisoning. *Id.* at 2. Mr. Garnand subsequently filed a *Third-Party Complaint* against Larry and Beverly Blank, the owners of the property where Plaintiffs were poisoned. (Doc. 6).

On September 4, 2019, the Court set this case on a 180-day discovery track, with discovery to be completed by March 2, 2020. (Doc. 19). On December 18, 2019, Plaintiffs

#

again amended their Complaint to include direct claims against the Blanks. (Doc. 41). On January 3, 2020, State Farm Fire and Casualty Company intervened in this action requesting a declaratory judgment. (Doc. 47). After conferring with counsel for all parties, the Court entered a *Second Scheduling Order* amending the discovery schedule to allow the newly added litigants an opportunity to meaningfully participate in discovery. (Doc. 52). In its *Second Scheduling Order*, the Court granted Plaintiffs until February 14, 2020, to join additional parties and amend their pleadings. *Id.* at 3. In addition, the Court granted all other parties until March 16, 2020, to join additional parties and amend their pleadings. *Id.*

## II. Analysis

On February 28, 2020, Plaintiffs filed their present Motion to Extend, requesting additional time to amend their pleadings and join additional parties. (Doc. 72). In their Motion to Extend, Plaintiffs explain Defendants Larry and Beverly Blank's discovery responses were "unavailing and unhelpful," and further information is needed before Plaintiffs can amend their pleadings. *Id.* at 2. In their Response to Motion to Amend, Defendants plainly state they "do not oppose the relief requested by Plaintiffs [...]." (Doc. 76 at 4).

Conversely, in their Motion to Strike, Plaintiffs argue Defendants Blank failed to produce materials as required by Federal Rule of Civil Procedure 26 to supplement their affirmative defenses. (Doc. 63 at 2). In their prayer for relief, Plaintiffs request the Court "extends the deadline [] to amend and join parties," "strike the affirmative defenses," or issue "a Court Order [] compelling the Blanks to engage in discovery." *Id.* at 4; (Doc. 75 at 2). In their Response to the Motion to Strike, Defendants request the Court allow them to maintain their affirmative defenses "while investigating Plaintiffs' allegations through the end of discovery." (Doc. 70 at 6). As a result, Defendants request the Court deny Plaintiffs'

#

Motion to Strike and award attorney fees and costs associated with responding to Plaintiffs' Motion. *Id.* at 8.

### A. Motion to Amend

Plaintiffs' first request an extension of time to amend their pleadings. (Doc. 72). Plaintiffs do not provide a tentative timeline for how long they will need to file any possible amendments. Rather, Plaintiffs request "a reasonable time after the Blanks provide the factual and legal basis for their affirmative defenses." *Id.* at 4. Defendants Blank do not oppose Plaintiffs' request for relief. (Doc. 76 at 4).

In determining the appropriate amount of time to grant Plaintiffs to amend their pleadings, the Court balances Plaintiffs' right to serve as the master of their lawsuit with the interest in the timely and efficient disposition of pending civil matters. Given these considerations, and Defendants non-opposition, the Court recommends Plaintiffs be permitted until April 27, 2020, to amend their pleadings. This allows Plaintiffs one month to request particularized discovery from Defendants Blank, review the discovery produced, and amend their pleadings accordingly. As such, the Court **RECOMMENDS** that Plaintiffs' Motion to Amend be **GRANTED**.

### B. Motion to Strike

Next, Plaintiffs request the Court strike Defendants Blanks' affirmative defenses or issue a Court Order compelling the Blanks to engage in discovery. (Doc. 63 at 4); (Doc. 75 at 2). In response, Defendants Blank request the Court deny Plaintiffs' Motion to Strike and order payment of attorney fees associated with filing their Response. (Doc. 70 at 8). The Court will address each of the parties' requests for relief in turn.

Striking affirmative defenses is "not favored, often being considered purely cosmetic or 'time wasters.'" *Tavasci v. Cambron*, 2016 WL 6405896, at *9 (D.N.M. Oct. 25, 2016)

#

(unpublished) (citing 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382 (3d. ed. 2015)). Indeed, the "general judicial agreement" is that these motions should be denied "unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action." *Id.* The court may, however, grant a motion to strike an affirmative defense if the court is "convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defenses succeed." *Id.* at *10 (citing *Friends of Santa Fe Cty. v. LAC Minerals, Inc.*, 892 F. Supp. 1333, 1343 (D.N.M. 1995)). Motions to strike may be granted, for example, when a "filing [] is not allowed by local rule, such as a surreply filed without leave of court." *Id.* at *11 (citing *Ysais v. N.M. Judicial Standard Comm'n*, 616 F. Supp. 2d 1176, 1184 (D.N.M. 2009)).

Here, it is not apparent that Defendants Blanks' affirmative defenses are legally insufficient. In pertinent part, Defendants Blanks' challenged defenses include: Plaintiffs' failure to mitigate their damages, (Doc. 57 at 9) (Aff. Def. 3); lack of damages linked to the Blanks' conduct, *id.* (Aff. Def. 4); lack of ownership over the property where the poisoning occurred, *id.* at 10 (Aff. Def. 7); application of the pure comparative fault doctrine, *id.* (Aff. Def. 8); the property was inspected and certified by state regulators, and was built to code, regulation, and/or ordinance, *id.* (Aff. Defs. 11 & 12); and failure to name an indispensable party to the lawsuit, *id.* at 11 (Aff. Def. 13). At this juncture, Defendants Blank have not yet deposed Plaintiffs or the other parties in this lawsuit, and they should be afforded the opportunity to ascertain the bases for their defenses and the underlying facts of this case. Simply put, Plaintiffs have not convinced the Court that such a drastic and disfavored remedy is the best avenue for achieving the relief they request.

Next, Plaintiffs request an Order requiring Defendants Blank to produce information in discovery. A Motion to Strike is not the proper avenue for such a request. Rather, if Plaintiffs request an order compelling discovery, the proper mechanism for such relief is filing a motion to compel. *Compare* Fed. R. Civ. Pro. 12(f) (explaining when a court may strike "an insufficient defense...") *with* Fed. R. Civ. Pro. 37(a)(3)(B) ("A party seeking discovery may move for an order compelling an answer, designation, production or inspection."). The distinction between a motion to strike and a motion to compel is important because of the party's differing burden of proof under each motion, and the requisite showing needed for court relief. *Smith v. Dean*, 2002 WL 35649696, at *3 (D.N.M. Aug. 19, 2002) (unpublished) (citing Fed. R. Civ. P. 12(f)) (denying the plaintiff's motion to strike because "the issues raised in Plaintiff's Motion to Strike would have been more appropriately addressed in Plaintiff's Reply to Defendant's Response to the Motion to Compel.").

Finally, the Court does not recommend an award of attorney fees for Defendants. *See Hirpa v. IHC Hospitals, Inc.*, 50 Fed. Appx. 928 (10th Cir. 2002) (unpublished) (finding the district court's denial of attorney fees was within its discretion). However, if Plaintiffs file a motion to compel, the prevailing party will likely be awarded attorney fees. *See* Fed. R. Civ. P. 37(a)(5)(B) (explaining if the motion to compel is denied, the court "must" require the movant "to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees."); *see also* Fed. R. Civ. P. 37(a)(5)(A) (explaining if the motion to compel is granted, the court "must" require the party whose conduct necessitated the motion "to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."). The stakes of filing a motion to compel are therefore higher, and the Court encourages the parties to work

#

together amicably to prevent negative monetary implications for their clients. The Court further encourages counsel to use the additional thirty days to amend their pleadings as an avenue for resolving the current dispute.

## III.    Conclusion

Consistent with the foregoing, the Court **RECOMMENDS** Plaintiffs' *Amended Motion for Enlargement of Time for Plaintiffs to File Amendments to Pleadings and Join Additional Parties*, (Doc. 72), be **GRANTED**. The Court further **RECOMMENDS** that Plaintiffs be **GRANTED** until **April 27, 2020**, to amend their Complaint or other pleadings. If Plaintiffs file a motion to compel or seek court intervention, the Court **RECOMMENDS** the time-period for allowing Plaintiffs to amend their pleadings be tolled. Finally, the Court **RECOMMENDS** Plaintiffs' *Motion to Strike Defendants Blank's Third, Fourth, Seventh, Eighth, Eleventh, Twelfth, and Thirteenth Affirmative Defenses for Failure to Comply with Mandatory Disclosures under Rule 26*, (Doc. 63), be **DENIED**.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE

#